COPY

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DANIEL, | Case No. C10-04211 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| NATIONAL CREDIT AUDIT CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, John Daniel ("Plaintiff"), is a natural person residing in Alameda county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, National Credit Audit Corporation ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In 2008, Plaintiff rented an apartment from in Houston, TX after being offered an employment position with a company.

7. Plaintiff, unaware that the job he relocated for was only temporary and lasted only 4 weeks, informed the apartment complex of the situation and confirmed that given Plaintiff vacating the apartment, they would attempt to rent it out to a different customer, implying that given the situation, Plaintiff would not be liable for breaking the lease on the apartment.

8. After vacating the premises of the apartment, Plaintiff received a bill of $4568.16. Upon receipt of the bill, Plaintiff contacted the apartment complex to set up a payment plan and just stay in the apartment rather than pay for breaking the lease.

9. The apartment complex, upon learning that Plaintiff was unemployed, required that he re-apply with the apartment complex and have $5,000 in his bank account before returning to the apartment. Plaintiff has been informed he was unable to return to the apartment and the apartment complex maintains he owes the alleged debt and regardless has re-occupied the apartment with a new tenant.

10. The debt has now been assigned to Defendant and Defendant has contacted Plaintiff in connection with an attempt to collect an alleged debt.

11. Defendant has called on a daily basis and has failed to disclose the identity of the caller, true identity of the business, and the agency authorizing the

call. Furthermore, Defendant failed to disclose to Plaintiff that the call was from a debt collector, often just asking for credit card information.

12. On more than one occasion, Plaintiff has disputed the alleged debt with Defendant.

13. Defendant, in an attempt to harass Plaintiff, stated that it does not matter whether the debt is being disputed, Plaintiff still has to pay.

14. On more than one occasion, Defendant has threatened to negatively report the alleged debt on Plaintiff's credit report for failure to pay the alleged debt.

15. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));

b) Causing an expense to Plaintiff for long distance telephone calls, telegram fees or charges for other similar communications, by misrepresenting to Plaintiff the purpose of such telephone call, telegram or similar communication (Cal Civ Code §1788.1(c));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

e) Failing to disclose the callers individual identity in a telephone call to Plaintiff (§1692d(6));

f) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff (§ 1692d(6)); Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5));

g) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)

i) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period (§1692g(b)); and

j) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC §1692g(a), including (§1692g(b)).

16. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17.  Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18.  Plaintiff reincorporates by reference all of the preceding paragraphs.

19.  To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.  Actual damages;

C.  Statutory damages for willful and negligent violations;

D.  Costs and reasonable attorney's fees,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 13th day of September, 2010.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**